THE LACKAWANA IRON AND COAL COMPANY VS. THE TOWN OF LITTLE WOLF.

MUNICIPAL BONDS. (1) *What noncompliance with statute authorizing issue of municipal bonds, not fatal to their validity.*

COUNTY CLERK. (2) *His duty to certify to official character of town officers.* (3) *When he can be required to certify to genuineness of signatures.*

1. An act authorizing a town to issue bonds declares that they shall be signed by the chairman of the town board of supervisors and the town clerk, "and have annexed to them the official certificate of the clerk of the [county] board of supervisors, under his official seal, that they are such officers, and their signatures are genuine." It does not provide who shall obtain such certificate, nor when it shall be made, nor what shall be its effect, nor that it shall be annexed to the bonds before they are issued, nor that without it they shall be invalid; nor does it contain any language raising a presumption that the legislature intended that the annexing of such certificate should precede the delivery of the bonds, or be essential to their validity. *Held*, that the provision as to such certificate was designed merely to facilitate the negotiation of the bonds, and it was not essential to their valid execution and issue that such certificate should be annexed. *Woodman v. Clapp*, 21 Wis., 355, and *Reeve v. Oshkosh*, 33 id., 477, distinguished.

2. *It seems* that the holder of a bond issued under said act, without such certificate annexed, might at any time require the county clerk to annex thereto a certificate (if such be the fact) that it appears from the records in his office that the persons whose names are signed to the bond, were, at the date thereof, the chairman of the board of supervisors and the clerk, respectively, of said town. R. S., ch. 15, sec. 43.

3. But *quære* whether the county clerk could be compelled to certify that the signatures of said town officers are genuine, unless he saw them sign the bond.

APPEAL from the Circuit Court for *Waupaca* County.

The defendant town issued its bonds, dated November 1, 1872, payable to the treasurer of the Green Bay and Lake Pepin Railway Co. or bearer, for $10,000, and received therefor full paid certificates for a like amount of the capital stock of such company. Attached to the bonds were coupons or

interest warrants in the usual form; and this action is to recover the amount due on one hundred of these coupons.

The complaint contains averments showing that the bonds were issued pursuant to ch. 93, P. & L. Laws of 1867, and that all the requirements of that act were complied with in issuing the same, except that the official certificate of the county clerk, mentioned in section 5, was not annexed to them. The circuit court overruled a demurrer to the complaint, and the defendant town appealed from the order.

*E. L. Browne,* for appellant, contended that the only authority for the issue of the bonds was that derived from ch. 93, P. & L. Laws of 1867; that the bonds were not issued in the form and manner prescribed by sec. 5 of that act; that the provisions of that section were designed to protect the town and the public, and were mandatory; and that the bonds were, therefore, not merely voidable, but absolutely void on their face, and there could be no recovery upon them by any person. *Woodman v. Clapp,* 21 Wis., 355; *Reeve v. Oshkosh,* 33 id., 477.

*Norris & Chynoweth, contra,* argued that the omission of the certificate in no manner impaired the obligation of the bonds. It is nowhere provided in the act that the certificate shall be annexed before delivery; nor that the bonds shall be incomplete until it is annexed; nor that it may not be annexed, with all effect, at any time when the bond may be presented for that purpose. See *Stayton v. Hulings,* 7 Ind., 144. Nothing in the act prescribes by whom the certificate shall be procured, or at whose instance annexed. The provision of the statute requiring the certificate merely confers upon the bondholder the privilege of having the genuineness of his bonds thus attested. The provision is directory only, except, perhaps, in favor of the town, if, before delivery, the town by its proper officers desires such attestation; and except, more especially, in favor of any holder who, after delivery, may so desire. Being directory for all other purposes, it may be

waived without prejudice to the bond.    *Gould v. Venice* and *Starin v. Genoa*, 29 Barb., 442, 453.    Counsel further argued, that conformity to the statute *in substantials* is usually sufficient (*Yale v. Flanders*, 4 Wis., 115); that a statutory bond is not void for want of exact conformity, unless the statute so declares (*Lewis v. Stout*, 22 Wis., 234; *VanDeusen v. Hayward*, 17 Wend., 67–70; *Ring v. Gibbs*, 26 id., 502; *Grocers' Bank v. Kingman*, 16 Gray, 473; *People v. Johr*, 22 Mich., 461); and that the courts do not favor the plea of *ultra vires* by a corporation which has enjoyed the benefit of a contract, where an innocent party will be thereby defrauded.    *Bank of Chillicothe v. Town of Chillicothe*, 7 Ohio, 358–9; *Brissell v. R. R. Co.*, 22 N. Y., 273–4; *Evansville etc. R. R. Co. v. Evansville*, 15 Ind., 395; *Meyer v. Muscatine*, 1 Wall., 384; *Comm. v. Pittsburgh*, 41 Pa. St., 278; *Mygatt v. Green Bay*, 1 Biss., 292; *Mercer Co. v. Hacket*, 1 Wall., 83; *Woods v. Lawrence Co.*, 1 Black, 386.

LYON, J.   In sec. 5, ch. 93, P. & L. Laws of 1867, it is enacted (among other things) that all bonds issued by any town under that act " shall be signed by the proper officers of such town, and have annexed to them the official certificate of the clerk of the board of supervisors, under his official seal, that they are such officers and their signatures are genuine." The act also provides that the proper officers to sign the bonds of a town are the chairman of the board of supervisors and the town clerk thereof.

The only question to be determined on this appeal is, whether such certificate of the county clerk is essential to the validity of the bonds, as claimed on behalf of the town, or whether the bond is valid and obligatory upon the town without it, as claimed on behalf of the plaintiff, and as the circuit court held.

The act fails to provide who shall obtain such certificate, when it shall be made, or what shall be its effect.   It does not provide that the certificate shall be annexed to the bonds

before they are issued, or that without it the bonds shall be invalid. It contains no language which raises a presumption that the legislature intended that the annexing of such certificate to the bonds should precede the delivery thereof, or be essential to their validity. The certificate affords the town no protection whatever, and it seems to be of no consequence to the town whether it is annexed to the bonds or not. Under these circumstances it seems very clear to our minds that the provision for annexing the certificate of the county clerk was enacted for the purpose of facilitating the negotiation of the bonds, by stamping upon them additional evidence that they were executed by the proper town officers; and that the legislature did not intend that the certificate should be essential to a valid execution and issue of the bonds.

Indeed, no good reason is perceived why a holder of one of these bonds may not at any time require the county clerk to annex thereto a certificate (if such be the fact) that it appears from the records in his office that the persons whose names are signed to the bond, were, at the date thereof, the chairman of the board of supervisors and town clerk, respectively, of the defendant town. See R. S., ch. 15, sec. 43. But whether the county clerk can be compelled to certify that the signatures are genuine, unless he knew the officers and saw them sign the bond, to say the least, admits of very grave doubts.

The cases of *Woodman v. Clapp*, 21 Wis., 355, and *Reeve v. Oshkosh*, 33 id., 477, cited and much relied upon by counsel for defendant, are not in conflict with the views here expressed. In the first of these cases it was held that tax deeds, as to form and mode of execution, must be in compliance with the requirements of the statutes, or they are invalid. In the other case it was held that no recovery could be had upon a city order which, in violation of law, failed to express the purposes for which it was drawn. In this case, the omitted certificate being no part of the bonds and not essential to a valid execution and delivery thereof, there is no fault either in the form of the

bonds or in the mode of execution.    Hence the complaint states a cause of action, and the demurrer thereto was properly overruled.

*By the Court.* — Order affirmed.

RYAN, C. J., took no part in the decision of this cause.